In The Interest of Mary Alice Slay, A Child

No. 42500          December 17, 1962          147 So. 2d 299

*Billy E. Harris,* Quitman, for appellant.

*G. Garland Lyell, Jr.,* Asst. Atty. Gen., Jackson, for appellee.

RODGERS, J.

This is an appeal from an order of a Youth Court hearing before the Chancery Judge of Clarke County, Mississippi, in which Mary Alice Slay, minor child of Mrs. Roxi Slay Riley, was found to be delinquent and was committed to the custody of the Columbia Training School.

A petition was filed by a Child Welfare Worker under authority of Sec. 7185-05, Miss. Code 1942, Rec., in the Youth Court of Clarke County, in which it is averred that Mary Alice Slay was a neglected child within the meaning of the law. The record discloses that process was had upon the minor and a hearing was held before the chancellor, resulting in the above-mentioned order of the chancery court. There is no transcript of the testimony introduced before the chancery judge in the record, but an affidavit signed by the County Welfare Worker who had signed the petition has been attached to the record, undertaking to outline what she considered to be the facts with reference to the hearing and committal of the minor, Mary Alice Slay. The record, however, divulges that the petitioner sought to obtain a hearing on a petition alleging that "Mary Alice Slay is a *neglected* child within the meaning of the statute;

that her mother, Mrs. Roxie Riley, neglects said child and that she deports herself so as to injure or endanger the morals or health of said minor child.'' (Emphasis supplied.) A summons was issued commanding the ''Sheriff of Clarke County'' ''* * * to cite Mary Alice Slay, a minor, and Roxie Slay Riley, Mother of said minor * * * to be and appear before the Chancery Court in and for Clarke County, at the Chancellor's office, in the Courthouse in the City of Quitman, on the 11th day of June A. D. 1962 at 10:00 o'clock to show cause if any they can why said child should not be adjudged to be a *neglected* child * * *''. (Emphasis supplied.)

The sheriff's return shows that the process was served on June 8, 1962. On the 11th of June the chancellor entered an order continuing the case until the 18th, and thereafter on the 21st the chancellor entered an order in which the Court said: ''The court after hearing and considering said petition and all the evidence in support thereof is of the opinion that the said Mary Alice Slay is a *delinquent* child and that it would be to the best interest of said child that she be committed to Columbia Training School, Columbia, Mississippi.

''It is therefore ordered, adjudged and decreed by the Chancellor at Quitman, Mississippi, that Mary Alice Slay, a minor child, be and she is hereby adjudged a *delinquent* child and is hereby committed to Columbia Training School, Columbia, Mississippi, and the Sheriff of Clarke County, Mississippi, is ordered to deliver said child to said school.'' (Emphasis supplied.)

We deem it unnecessary to examine any assignment of error other than the following, for the purpose of this opinion: (1) That said petition was insufficient in law, and failed to state any grounds or allegations warranting the confinement of said child in the Columbia Training School. (2) That the process was insufficient. (3) That said child has been deprived of her liberty without due process of law.

We have come to the conclusion that the appellant is correct in her contention that this case should be reversed because of the foregoing assigned errors, and we shall discuss them in chronological order.

First, Sec. 7185-05, Miss. Code 1942, Rec., deals with the proceedings in the Youth Court, the pertinent parts of which are as follows: ''Thereupon the court may make an informal adjustment for the best interest of the child without a petition, or may authorize a petition to be filed by a youth counsellor, the county or district attorney, or any other reputable person, with the clerk of the youth court, but *no child may be committed* to any institution or agency except by hearing upon a petition as herein provided.

''The proceedings shall be entitled 'in the interest of ----------------------------------------, a child.'

''The petition shall set forth:

\* \* \* \* \*

''(d) The facts which bring the child within the purview of this act.

''If any of the facts herein required are not known by the petitioner, the petition shall so state. \* \* \*'' (Emphasis supplied.)

It is apparent from the foregoing code section, that a child may not be committed to any institution or agency except by hearing upon a petition setting up the facts. The petition filed in the youth court in this case did not set up facts which sought to bring the child within the purview of the act. It alleged a conclusion and not facts on which to base the assertion that she is a neglected child.

In the case of Holden v. Smith, 135 Miss. 322, 100 So. 27, this Court pointed out that the petition must show the existence of conditions specified in the Code.

This Court has pointed out in the case of Sharp, A Minor, et al. v. State, 240 Miss. 629, 127 So. 2d 865, that the petition filed in that case simply charged that Homer

Frank Sharp was " 'a juvenile delinquent fast becoming uncontrollable by his parents' " and that he was " 'violating the laws of the State of Mississippi in various ways' ", and also said: "We think the petition failed to state sufficient facts to bring the child within the purview of the statute."

We are therefore of the opinion that appellant is correct in her contention that the petition herein filed was insufficient to charge that she is a neglected child.

■■ ■ Second, Sec. 7185-06, Miss. Code 1942, Rec., deals with the summons to be served upon the parents and upon the minor and states: "Summons shall be served not less than three days before the date set for the hearing of the proceedings concerning said child, unless service of summons be waived by voluntary appearance as hereinafter set forth * * *".

In the case of Sharp, A Minor, et al. v. State, supra, this Court held that a minor could not enter a voluntary appearance, and stated that "* * * it is not within the power of the legislature to dispense with the issuance and service of such process on the minor; nor could the minor waive the service of such process."

The process must therefore be served upon the minor, and others entitled to process, for a period of not less than three days before a hearing is had, and in this case appellant was not given three days notice, by service of process upon her, before the return date of the process. Moreover, she was never served with any notice that she was to be tried as a *delinquent*. She was therefore not served with the process required by Sec. 7185-06, Miss. Code 1942, Rec.

Finally, we are of the opinion that appellant is correct in her contention that she has been deprived of her liberty without due process of law.

■■ ■ It will be observed that the petition asserts that appellant is a *neglected* child, but after the hearing, and without filing a new petition charging that appellant

was a *delinquent* child, the chancellor entered an order committing appellant to a state institution as a *delinquent* child. In short, appellant was never charged with being a delinquent within the meaning of Sec. 7185-02, Miss. Code 1942, Rec. Moreover, the Youth Court had no authority to commit a *neglected* child to Columbia Training School.

The pertinent parts of Sec. 9, Chap. 207, Laws 1946, Sec. 7185-09, Miss. Code 1942, Rec., are in the following language: "If the court finds that the child is neglected or delinquent within the provisions of this act, it shall so adjudge and decree, and may, by order duly entered, proceed as follows: (1) place the child under supervision in his own home or in the care of a relative, under such terms as the court shall determine and direct; (2) or place the child in a suitable family home, or commit him to the custody of a suitable private institution or agency able and willing to receive him; (3) or if adjudged delinquent, may commit the child to the custody of a state supported training school, provided that no child who is under ten (10) years of age or is not under eighteen years of age shall be committed to a state training school."

It is apparent that the foregoing section does not authorize the court to commit *neglected* children to a state supported training school. Moreover, Sec. 7185-26, Miss. Code 1942, admonishes the court to construe the act liberally and says: "that when such child is removed from the control of his parents the court shall secure for him care as nearly as possible equivalent to that which should have been given him by them."

This Court has attempted in our opinions heretofore to make it crystal clear that the constitutional rights of a child will be protected by this Court, and no human being, whether he be infant, adult or non compos mentis, will be incarcerated by any judicial tribunal within the confine of this State, except by due process of law.

In accordance with the foregoing opinion, the decree of the Youth Court will be reversed, the petition dismissed, and the Minor, Mary Alice Slay, discharged from Columbia Training School, without prequdice, to petitioner, to file proper proceedings.

Reversed and order entered here discharging Mary Alice Slay, a minor.

*Lee, P. J., and Gillespie, McElroy and Jones, JJ.,* concur.