184 So.2d 861 (1966)
In the Interest of Curtis Lee LONG, a child.
No. 43882.
Supreme Court of Mississippi.
March 28, 1966.
*862 Alvin J. Bronstein, Malcolm Farmer, III, Jackson, Miss., William G. Kopit, Scarsdale, N.Y., R. Jess Brown, Jackson, for appellant.
Joe T. Patterson, Atty. Gen., by G. Garland Lyell, Jr., Asst. Atty. Gen., Jackson, for appellee.
JONES, Justice.
On July 2, 1965, Curtis Lee Long, a minor, thirteen years of age, was committed to the Oakley Training School at Oakley, Mississippi, until further order of the court. From this order the case was appealed to this Court. We reverse the case for the reasons hereinafter stated.
The petition filed charged "that said child has been charged as delinquent-neglected child." The petition as worded did not bring the child within the Youth Court Act. Sharp v. State, 240 Miss. 629, 127 So.2d 865, suggestion of error overruled, 240 Miss. 646, 129 So.2d 637, 90 A.L.R.2d 284 (1961). In The Interest of Mary Alice Slay, A Child, 245 Miss. 294, 147 So.2d 299 (1962).
An order was entered setting the cause for hearing on July 2, 1965, at 9:00 a.m. Summons was issued and the return shows that it was served on June 29, 1965, commanding the appearance of the parties in this cause at said time. Mississippi Code Annotated section 7185-06 (1952) provides that summons in these cases shall not be served less than three days before the date set for the hearing. The process here failed to meet this requirement. See, Slay, supra.
The above two questions were embodied in the assignment of errors, and there was also assigned the fact that the minor was not represented by legal counsel.
While this question may be moot now, since the minor has representation in this Court, it may not be amiss to call attention to Mississippi Code Annotated section 7185-08 (1952). In this section the legislature recognizes that these matters may be adversary proceedings as it authorizes the court to have the district attorney or county attorney present the petition and if it shall not be practicable for them to do so, then the court may appoint some reputable attorney to present the petition.
The same section provides that any person interested shall have the right to appear and be represented by legal counsel of his own choosing.
In cases wherein a minor is charged with being a delinquent and subject to being deprived of his liberty, we think it only fitting and proper to advise the minor and his parents that they are entitled to legal representation, and that the court in such delinquency proceedings should so advise them.
The case is reversed and remanded for further proceedings not inconsistent herewith.
Reversed and remanded.
GILLESPIE, P.J., and RODGERS, SMITH and ROBERTSON, JJ., concur.