229 So.2d 557 (1969)
Willie McLEOD
v.
STATE of Mississippi.
No. 45555.
Supreme Court of Mississippi.
December 8, 1969.
Rehearing Denied January 12, 1970.
*558 Eddie H. Tucker, R. Jess Brown, Jackson, for appellant.
A.F. Summer, Atty. Gen., by Guy N. Rogers, Asst. Atty. Gen., and Velia Ann Mayer, Sp. Asst. Atty. Gen., Jackson, for appellee.
GILLESPIE, Presiding Justice:
This appeal of Willie McLeod from a conviction of rape is a companion case to Smith v. State, 229 So.2d 551 (Miss.). These two cases are based upon the same set of circumstances and it is unnecessary to restate the facts in this opinion.
The questions raised in this case are for the most part the same as those involved in the Smith case and we only discuss in this opinion questions which have some points of difference from those in the Smith case.
Appellant contends that his confession was not free and voluntary, and he raises for the first time on appeal the contention that the confession was the result of an unlawful arrest. The confession was signed within less than an hour after he was taken to the highway patrol office in Hattiesburg. The evidence is undisputed that appellant was fully advised of his constitutional rights and that he waived the right to remain silent and to have an attorney present. There is no proof that appellant was threatened, mistreated, or that any promises or hope of reward were held out if he would confess. Upon taking the stand at the hearing on the issue of the admissibility of the confession, the appellant did not contradict the testimony of the officers that he had been duly warned of his rights and that he had not been threatened or mistreated in any way. He did state that he did not understand the papers, i.e., the waiver of his rights and the confession itself, which he signed. No evidence was presented that defendant was arrested in a dragnet operation by the police or to justify defense counsel's statement that at the time of the confession the defendant was bloody, bruised, terrified and in jail late at night. It is also argued that the fact that *559 the defendant was only seventeen years of age should be a strong factor in determining whether the waiver and confession were free and voluntary. We agree that age is a factor to be considered in determining whether a waiver and confession are free and voluntary, but age alone is not controlling.
Defendant's counsel filed a motion regarding the sanity of defendant which suggested that he be taken to the state mental hospital for a psychiatric determination of his present sanity and ability to make a rational defense. In support of the motion defendant offered the testimony of his father who stated that defendant had previously experienced "head trouble" causing him to fall out, sometimes beating the wall. The most recent manifestation of this trouble was stated to have occurred when the defendant had volunteered for military service and was leaving for the requisite physical examination. He testified that his son had completed the eighth grade. Other than these falling-out spells according to his father, defendant was normal. The State offered the testimony of an officer who testified that he considered nothing to be mentally wrong with the defendant.
The statute controlling this question is Mississippi Code 1942 Annotated section 2575.5 (Supp. 1968) which reads:
In any criminal action in the circuit court in which the mental condition of a person indicted for a felony is in question, the court or judge in vacation on motion duly made by the defendant, the district attorney or on the motion of the court or judge, may order such person to submit to a mental examination by a competent psychiatrist selected by the court to determine his ability to make a defense; provided, however, any cost or expense in connection with such mental examination shall be paid by the county in which such criminal action is pending.
It is the purpose of this statute to assure that a defendant is mentally capable of standing trial and is able to confer intelligently with his attorney in the preparation of his defense. Evidence of the probability that the accused is unable to assist in his own defense must be presented. Frierson v. State, 250 Miss. 339, 165 So.2d 342 (1964). The trial judge has reasonable discretion in determining whether the accused should be examined by a psychiatrist. King v. State, 210 So.2d 887 (Miss. 1968). There is no proof in this record that would justify a finding that the trial judge abused his discretion in refusing to send defendant to the mental hospital or to furnish him with a psychiatrist.
After a careful review of this appeal in connection with the Smith case, and independently thereof, we are of the opinion that the defendant was fairly treated after arrest, was fully advised of his rights, competently and intelligently waived his rights and freely and voluntarily confessed to the crime with which he was accused. Finding no reversible error, the judgment of conviction is affirmed.
Affirmed.
RODGERS, JONES, BRADY, and INZER, JJ., concur.