272 So.2d 921 (1973)
In the Interest of Lisa GRESSETT, a Minor.
No. 47094.
Supreme Court of Mississippi.
February 5, 1973.
Don H. Evans, Jackson, for appellant.
A.F. Summer, Atty. Gen., by Karen Gilfoy and Billy L. Gore, Sp. Asst. Attys. Gen., Jackson, for appellee.
GILLESPIE, Chief Justice.
This appeal is from the Chancery Court of Rankin County in a Youth Court proceeding filed against Lisa Gressett, a seventeen year old minor, who was committed to the State Training School. The petition stated that Lisa Gressett was a delinquent child because "said minor unlawfully, wilfully and feloniously harbored and concealed Gary Moak, an escaped convict."
The only witness offered in support of the petition was J.B. Torrence, a deputy sheriff of Rankin County. He testified that Gary Moak was convicted on a guilty plea to a narcotics charge in Rankin County and that Lisa Gressett visited him at the around the 20th or 21st of January, 1972; jail; that Gary Moak escaped somewhere and that three or four days later, he (Torrence) went to the home of Gary Moak's *922 mother with a Hinds County Deputy Sheriff. Deputy Sheriff Torrence then stated:
I had a deputy sheriff from Hinds County with bloodhounds, and he put the dog out behind the house and in a matter of minutes he called me on the radio and told me he had Gary Moak and this girl with him and the little girl was Lisa Gressett. He brought them on up to the house and I arrested her for assisting a jail escapee.
This was the only proof in support of the charge except Torrence's hearsay statement that Lisa had been with Moak about two or three hours.
The question is whether Lisa Gressett can be adjudged a delinquent under the facts as stated and committed to a training school.
A minor is entitled to constitutional guarantees including notice of charges, right of counsel, right of confrontation and cross-examination, and the privilege against self-incrimination. In Re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967). In cases involving the loss of freedom in youth court cases the proof must establish the charge beyond a reasonable doubt. In Re Winship, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970).
In this case there is no evidence, much less proof justifying a finding beyond a reasonable doubt, that Lisa Gressett concealed or harbored Gary Moak. If all of the evidence, including the hearsay, is conceded to be true, it is just as consistent with her innocence of the charge of concealing and harboring Moak as it is that she is guilty. The commitment order is reversed and the proceedings dismissed.
Reversed and proceedings dismissed.
SMITH, SUGG, WALKER and BROOM, JJ., concur.