291 So.2d 731 (1974)
In the Interest of Terry Wayne DENNIS, a minor.
No. 47873.
Supreme Court of Mississippi.
March 18, 1974.
*732 McKinley & Zebert, Jackson, for appellant.
A.F. Summer, Atty. Gen., by John C. Underwood, Jr., Sp. Asst. Atty. Gen., Jackson, for appellee.
SUGG, Justice:
This is an appeal from an order of the Youth Court Division of the Chancery Court of Rankin County by Terry Wayne Dennis. The court found that Dennis was a delinquent minor and committed him to the custody of a state supported training school until he reached the age of 18 years.
Dennis' first contention is that the petition filed against him was insufficient because the facts which would bring him within the purview of the "Youth Court Law" were stated in the petition as "grand larceny and breaking and entering." Miss. Code Ann. § 43-21-11 (1972) as amended by Chapter 469, Laws of 1973 sets forth the requirements of a petition filed thereunder, one of the requirements being "The facts which bring the child within the purview of the chapter." The question of the sufficiency of a petition was decided in Sharp, A Minor v. State, 240 Miss. 629, 127 So.2d 865, 129 So.2d 637 (1961) where the petition charged that Sharp was "a juvenile delinquent fast becoming uncontrollable by his parents, and that he was violating the laws of the State of Mississippi in various ways." The Court in passing on the sufficiency of the petition stated:
It is true, as argued on behalf of the State, that the Youth Court Act (Section 7185-08, Code of 1942, Rec.) expressly provides that the proceedings of the court in a case of this kind shall be entirely of a civil nature, and that "the hearing shall be conducted in an informal manner under such rules as the court may prescribe, without regard to the technicalities of other statutory procedures and rules of evidence;" and not in the nature of a criminal proceeding. Yet, the act itself clearly provides that no child may be committed to any institution except by hearing upon a petition setting forth the facts which bring the child within the purview of the act; and that, in our opinion, means that the petition must set forth the facts relied upon *733 and expected to be proved in support of the charge of delinquency. (240 Miss. at 636, 127 So.2d at 868).
This Court in the case of In re Slay, 245 Miss. 294, 147 So.2d 299 (1962) held that the constitutional rights of a child would be protected in any proceeding in the following language:
This Court has attempted in our opinions heretofore to make it crystal clear that the constitutional rights of a child will be protected by this Court, and no human being, whether he be infant, adult or non compos mentis, will be incarcerated by any judicial tribunal within the confine of this State, except by due process of law. (245 Miss. at 300, 147 So.2d at 302).
These two cases foreshadowed the holding of this Court in the case of In Interest of Gressett, 272 So.2d 921 (Miss. 1973) where we stated:
A minor is entitled to constitutional guarantees including notice of charges, right of counsel, right of confrontation and cross-examination, and the privilege against self-incrimination. In re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967). In cases involving the loss of freedom in youth court cases the proof must establish the charge beyond a reasonable doubt. In re Winship, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970). (272 So.2d at 922).
See also In re Jenkins, 274 So.2d 143 (Miss. 1973).
We reaffirm our position that a petition which institutes a youth court proceeding must recite factual allegations specific and definite enough to fairly apprise the juvenile, his parents, custodians or guardians of the particular act or acts of misconduct or the particular circumstances which will be inquired into at the adjudicatory proceedings.
We further hold that in those cases where a charge of delinquency is based upon the violation of a criminal law, the petition must charge the offense with the same particularity required in a criminal indictment. The petition in this case fails to meet these standards and is therefore insufficient to support the committal of Dennis to a training school.
Dennis also contends that the court erred in not treating his case as a criminal proceeding insofar as it pertains to self-incrimination.
This precise question was decided in Gault, supra, as follows:
Against the application to juveniles of the right to silence, it is argued that juvenile proceedings are "civil" and not "criminal," and therefore the privilege should not apply. It is true that the statement of the privilege in the Fifth Amendment, which is applicable to the States by reason of the Fourteenth Amendment, is that no person "shall be compelled in any criminal case to be a witness against himself." However, it is also clear that the availability of the privilege does not turn upon the type of proceeding in which its protection is invoked, but upon the nature of the statement or admission and the exposure which it invites. The privilege may, for example, be claimed in a civil or administrative proceeding, if the statement is or may be inculpatory.
It would be entirely unrealistic to carve out of the Fifth Amendment all statements by juveniles on the ground that these cannot lead to "criminal" involvement. In the first place, juvenile proceedings to determine "delinquency," which may lead to commitment to a state institution, must be regarded as "criminal" for purposes of the privilege against self-incrimination. To hold otherwise would be to disregard substance because of the feeble enticement of the "civil" label-of-convenience which has been attached to juvenile proceedings... . (387 U.S. at 49, 87 S.Ct. at 1455, 18 L.Ed.2d at 558).
*734 Dennis also contends that his oral confession should not have been admitted over objection. The Supreme Court of the United States in Gault, supra, recognized that special problems may arise with respect to confession or waiver of privilege by or on behalf of children in the following language:
We conclude that the constitutional privilege against self-incrimination is applicable in the case of juveniles as it is with respect to adults. We appreciate that special problems may arise with respect to waiver of the privilege by or on behalf of children, and that there may well be some differences in technique  but not in principle  depending upon the age of the child and the presence and competence of parents. The participation of counsel will, of course, assist the police, Juvenile Courts and appellate tribunals in administering the privilege. If counsel was not present for some permissible reason when an admission was obtained, the greatest care must be taken to assure that the admission was voluntary, in the sense not only that it was not coerced or suggested, but also that it was not the product of ignorance of rights or of adolescent fantasy, fright or despair. (387 U.S. at 55, 87 S.Ct. at 1458, 18 L.Ed.2d at 561).
In the recent case of In Interest of Wise, a Child, 291 So.2d 727 (Miss. decision rendered March 11, 1974), this Court held that the statement of Wise was properly admitted in evidence under the "totality of circumstances" rule and was not rendered involuntarily merely because the person making it was a minor. See also McLeod v. State, 229 So.2d 557 (Miss. 1970), where we stated:
It is also argued that the fact that the defendant was only seventeen years of age should be a strong factor in determining whether the waiver and confession were free and voluntary. We agree that age is a factor to be considered in determining whether a waiver and confession are free and voluntary, but age alone is not controlling. (229 So.2d at 558, 559).
Since this case must be remanded for another hearing because of the insufficiency of the petition, the court should exercise care to assure that the admission or confession was voluntary in the sense, not only that it was not coerced or suggested, but also that it was not the product of ignorance of rights, or of adolescent fantasy, fright, or despair. If the confession is offered on retrial, Dennis will have the same right to testify for the limited purpose of testing the admissibility of the confession as an adult under a criminal charge. Any confessions or admissions which are self-incriminating must meet the constitutional standards of due process in order to be admissible at any hearing.
It naturally follows that a child may not be committed to an institution without a petition and an adjudicatory hearing. Neither can the custody of a child be changed from its parents, guardian or custodian except by consent of the parents, guardian or custodian, or by order of the court after an adjudicatory hearing based on a petition. The Youth Court Law authorizes a temporary change of custody in urgent and necessitous circumstances, but the courts should exercise care to limit temporary changes of custody to urgent and necessitous cases, and see that a petition is filed and a hearing held within the time limits prescribed by statute.
We recognize that the Youth Court Law was enacted by the legislature for the care, protection and rehabilitation of children, but the law provides that any hearing shall be conducted under such rules of evidence as may comply with applicable constitutional standards. It also authorizes the court to make an informal adjustment for the best interest of a child without a petition. We recognize that battered and delinquent children are protected and delinquent children are rehabilitated without *735 the necessity of a petition in a majority of cases arising under the law.
We do not intend to do away with the beneficial aspects of the law; however, when a petition is filed the child, his parents, guardians, or custodians, as the case may be, must be afforded due process in any adjudicatory hearing.
Reversed and remanded.
GILLESPIE, C.J., and PATTERSON, SMITH and ROBERTSON, JJ., concur.