292 So.2d 171 (1974)
In the Interest of Lee Earnest TRIPLETT et al.
No. 47904.
Supreme Court of Mississippi.
April 1, 1974.
*172 James A. Williams, Meridian, for appellant.
A.F. Summer, Atty. Gen., by Pete J. Cajoleas, Special Asst. Atty. Gen., Jackson, for appellee.
GILLESPIE, Chief Justice:
This is an appeal from the Youth Court of Neshoba County by Lee Earnest Triplett, Willie Charles Daniels and Charles Parker, who were adjudged delinquent children and committed to the Oakley Training School until they reached twenty years of age.
The first question raised is whether the petition was insufficient because of its failure to state with particularity the charges against the three youths. In substance, the petition charged that (1) on or about May 11, 1973, the minors involved were attending the Philadelphia Public Schools and were involved in an assault and battery on school officials and others; (2) the minors are guilty of acts which make them delinquent children and wayward children; and (3) on other occasions the minors have engaged in assaults and been unruly children.
These indefinite allegations are wholly insufficient to invoke the limited jurisdiction of the Youth Court. See In Interest of Dennis, a Minor, Miss., 291 So.2d 731 (1974).
It is also argued that neither the petition nor the order sufficiently gave the age, sex and race of the alleged delinquents. This argument needs no elaboration since in any subsequent proceedings these deficiencies can be eliminated, as they must.
The second question raised involves the failure of the record to show whether Parker and Triplett were informed of their right to counsel. The only mention in the record of an attorney is under the list of appearances which states that Clayton Lewis appeared for Willie Charles Daniels. There is no indication that Triplett and Parker were informed of their right to counsel or that they waived that right. Mississippi Code Annotated section 43-21-17 (1972) (Supp. 1973) provides that any interested party in such proceedings may "be represented by legal counsel of his own choosing and at his own expense." The right to counsel is not only statutory but is constitutionally guaranteed. In In Interest of Gressett, 272 So.2d 921 (Miss. 1973), the Court stated:
A minor is entitled to constitutional guarantees, including notice of charges, right of counsel, right of confrontation and cross-examination, and the privilege against self-incrimination. In Re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967). 272 So.2d at 922.
The minor and his parents should be advised of their right to counsel. In Re Long, 184 So.2d 861 (Miss. 1966). And in In Re Gault, supra, it was stated that if *173 the minor cannot afford counsel, an attorney must be appointed for him.
With reference to whether a minor's parents should be advised of the right to counsel, there may be cases where it is impossible or impractical to advise the parent or parents of such right. This results from the many varied situations and different kinds of relationships that exist between parent and child, as well as the availability of the parent or parents. Cf. In Interest of Wise, A Child, Miss., 291 So.2d 727 (1974).
Because of the failure of the petition to state with particularity the charges and the absence of any record of a waiver of counsel by Triplett and Parker, the order of the Youth Court is reversed and the case remanded for further proceedings.
Reversed and remanded.
PATTERSON, SMITH, ROBERTSON and SUGG, JJ., concur.