293 So.2d 458 (1974)
In the Interest of Robert Earl DOLLAR.
No. 47810.
Supreme Court of Mississippi.
April 8, 1974.
Don H. Evans, Jackson, for appellant.
A.F. Summer, Atty. Gen., by Pete J. Cajoleas, Sp. Asst. Atty. Gen., Jackson, for appellee.
*459 SMITH, Justice:
Robert Earl Dollar, a boy 14 years of age, was adjudged a delinquent by the Youth Court of Rankin County and committed to Oakley Training School "until he is 18 years of age with the condition of parole from said institution after one year of good behavior." From that judgment he has appealed.
It is contended on his behalf that numerous errors were committed in the course of the trial, requiring reversal. A great many of these contentions are well founded.
Among other matters, assigned and argued as error, is the insufficiency of the facts set forth in the petition to meet the requirements of Mississippi Code Ann. § 43-21-11 (1972) as amended by Chapter 469, Laws of 1973. It is pointed out that the petition fails to inform the respondent and his parents adequately of the precise charges upon which it was sought to obtain an adjudication of delinquency. These criticisms of the petition are supported by the record. In order to save needless repetition it should be enough to say that everything said by this Court in its opinion in the case of In Interest of Dennis, a Minor, 291 So.2d 731, handed down March 18, 1974, with respect to the insufficiency of the petition in that case, applies with equal or greater force here. The demurrer of respondent to the petition should have been sustained.
A confession, alleged to have been made while the boy was confined in jail, was offered by the State and was admitted into evidence over objection. It appears that the respondent had been placed in the Rankin County jail on Sunday. His parents, who lived in the community, were not informed. His mother, fortuitously, learned on Monday of her son's incarceration and sought permission to see him. She was not permitted to do so. However, clean clothes which she had brought him were allowed to be sent in. On Tuesday, she was allowed to see her son in the jail but by that time the "confession" had been made.
The confession allegedly was made at a time when appellant was confined in jail, virtually, if not wholly incommunicado. It was said that he was granted the privilege of making one telephone call, but it does not appear from the record that he made it. Locked in jail, his mother denied permission to see him, without counsel, with no access to any adult who might be said to have had his interest at heart, he was, according to his jailer, given the Miranda warnings. At the time, and prior to the confession, he was also told by the officer that he (the officer) "couldn't promise anything but it would be better if he told the truth." It seems doubtful, to state the matter as mildly as possible, that a confession obtained under these circumstances from a 14 year old boy can be described as "voluntary."
Counsel for appellant requested a separate and preliminary hearing upon the question of the voluntariness of the alleged confession. This was denied, apparently upon the theory that such a hearing was appropriate only in jury cases. Appellant contends that he has a right to testify upon the issue of the voluntariness of the alleged confession only, without taking the stand as a witness generally upon the trial of the case upon its merits. He has the right to testify upon this limited issue, if he elects to do so.
Comment also must be made upon the sufficiency of the proof offered to sustain the adjudication and committal. Apart from the alleged confession, the evidence failed to establish that appellant had committed either burglary and larceny or larceny, the two crimes apparently sought to be charged in the petition.
Attention of the youth court is invited to the principles laid down by this Court in its opinion in the Dennis case, supra. Also, the court should bear in mind what was said by the United States Supreme *460 Court in the case of In re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967).
Other matters assigned and argued as error are not likely to recur upon retrial of the case, and will not be dealt with here in detail. In general, however, great care should be exercised by youth courts in dealing with these cases to see to it that counsel are not unduly restricted in their efforts to represent those against whom proceedings have been brought. This may be done, and should be done, without relaxing proper requirements for order, decorum and propriety. It is error for a youth court judge to call a youthful respondent before the bench and demand that he admit his guilt.
Reversed and remanded.
GILLESPIE, C.J., and PATTERSON, ROBERTSON and SUGG, JJ., concur.