# IN THE COURT OF APPEALS 12/17/96

# OF THE

# STATE OF MISSISSIPPI

## NO. 94-KA-00715 COA

GARY BOYKIN

APPELLANT

v.

STATE OF MISSISSIPPI

APPELLEE


THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND

MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-B


TRIAL JUDGE: HON. GEORGE C. CARLSON JR.

COURT FROM WHICH APPEALED: PANOLA COUNTY CIRCUIT COURT

ATTORNEY FOR APPELLANT:

DAVID L. WALKER

ATTORNEY FOR APPELLEE:

OFFICE OF THE ATTORNEY GENERAL

BY: CHARLES W. MARIS

DISTRICT ATTORNEY: ROBERT L. WILLIAMS

NATURE OF THE CASE: CRIMINAL: SEXUAL BATTERY

TRIAL COURT DISPOSITION: GUILTY: SENTENCED TO SERVE A TERM OF 30 YRS IN
THE MDOC WITH THE LAST 10 YRS BEING SUSPENDED


BEFORE THOMAS, P.J., DIAZ, AND SOUTHWICK, JJ.

DIAZ, J., FOR THE COURT:

The Appellant, Gary Boykin (Boykin) was convicted of sexual battery in the Panola County Circuit Court. Boykin was sentenced to serve thirty (30) years in the Mississippi Department of Corrections with ten (10) years suspended. He was also ordered to undergo psychological treatment while in the Mississippi Department of Corrections, and ordered to pay all court costs. Aggrieved from his prison sentence, the Appellant appeals to this Court asserting the following issues: (1) that the trial court erred in failing to suppress a statement made by Boykin to the social worker; (2) that the trial court erred in denying proposed jury instruction D-1; and (3) that the trial court erred in failing to dismiss the case based on Boykin's motion for failure to provide a speedy trial. Finding no merit to these issues, we affirm the judgment.

## FACTS

The facts of this case are abhorrent, but quite simple. On July 28, 1993, ten-year-old D.R. was home alone with his stepfather, Boykin, while D.R.'s mother was out on a job interview. D.R.'s mother returned home in time to catch the Appellant sexually battering D.R. At trial, D.R. testified that the Appellant approached him, pulled down D.R.'s pants, and committed an act of sexual battery. The Appellant admitted his acts to a social worker, and turned himself in to law enforcement officials on August 9, 1993.

## DISCUSSION

## STATEMENT TO SOCIAL WORKER

Boykin's first argument is that the lower court erred in failing to grant his motion in limine to suppress the Appellant's statement to a social worker investigating the case. The Department of Human Services (DHS) received a complaint regarding Gary Boykin the day after the incident. On July 29, 1993, Mary Hoskins, a social worker with the DHS went to Boykin's house to investigate the complaint. During her meeting with Boykin, he admitted that he had molested D.R. The trial court allowed Ms. Hoskins to testify about the statement over Boykin's objection. Boykin argues that the statements were admitted in violation of his right to counsel, and also in violation of his Fifth Amendment rights. The argument is two-fold: First, Boykin contends that Ms. Hoskins was a state agent conducting an investigation with the intent of forwarding the information to the district attorney's office.

The right to counsel does not attach to a defendant until adversary proceedings have been initiated, whether by way of formal charge, preliminary hearing, indictment, information, or arraignment. *Cannaday v. State*, 455 So. 2d 713, 722 (Miss. 1984). Boykin was not placed in police custody until August 9, 1993, and was not indicted until April 7, 1994. Clearly, there were no adversarial proceedings on July 29, 1993 when Ms. Hoskins the social worker from DHS was merely conducting an investigation pursuant to a complaint.

Second, Boykin contends that because Ms. Hoskins was a state employee, she should have been considered as a "quasi-law enforcement officer." Therefore, Boykin claims that because she initiated

the conversation, she should have given him his *Miranda* rights and that without doing so, his statements were involuntary and should not have been admitted.

It is well settled precedent in this State, as well as many states, that certain circumstances are excluded from the scope of *Miranda* warnings. *Miranda* warnings are not required where the interrogation is investigatory and noncustodial. *Tolbert v. State*, 511 So. 2d 1368, 1375 (Miss. 1987). The warnings are only required to be given where the situation has reached the accusatory stage, or if the interrogation is custodial. *Id.* The accusatory stage is reached when law enforcement first charges the accused with a crime. *Id. Miranda* warnings are also not required for admissibility of any noncustodial statement given freely and voluntarily. *Id.* (citations omitted).

Ms. Hoskins, a social worker with the DHS investigating a complaint, is by no means required to give *Miranda* warnings. Her interview with Boykin was merely investigatory. He was not in custody, nor had the case reached an accusatory stage. There is no merit to this argument.

JURY INSTRUCTION D-1

Boykin next contends that the trial court erred in not granting jury instruction D-1. Boykin argues that the trial court should have given the jury this lesser included offense instruction. The trial judge denied this instruction stating that giving an instruction on sexual battery and unnatural intercourse would be confusing for the jury. Instead, the court elected to give an instruction on the lesser included offense of child fondling. The relevant instructions are found in the appendix attached to this opinion.

Boykin was indicted under section 97-3-95(1)(c) of the Mississippi Code which states:

> A person is guilty of sexual battery if he or she engages in sexual penetration with a child under the age of fourteen (14) years.

Miss. Code Ann. § 97-3-95(1)(c) (Rev. 1993). The crime of unnatural intercourse as defined by the code is:

> Every person who shall be convicted of the detestable and abominable crime against nature committed with mankind or with a beast, shall be punished by imprisonment in the penitentiary for a term of not more than ten years.

Miss. Code Ann. § 97-29-59 (1972).

This Court has stated that a lesser-included-offense instruction should be granted unless it can be said that taking the evidence in the light most favorable to the accused, and considering all reasonable inferences which may be drawn in favor of the accused from the evidence, that no reasonable jury could find the defendant guilty of the lesser included offense, and conversely not guilty of at least one essential element of the principal charge. *Rowland v. State*, 531 So. 2d 627, 631 (Miss. 1988) (citations omitted).

The crime of unnatural intercourse is broadly defined above. As defined , Boykin could very well be guilty of the crime of unnatural intercourse and at the same time, not be guilty of sexual battery as defined under section 97-3-95(1)(c); however, it is unlikely that he could be guilty of sexual battery,

and not be guilty of unnatural intercourse at the same time. The only additional element in the sexual battery statute which is not included in the unnatural intercourse statute is that the victim be under the age of fourteen (14). Before Boykin would have been entitled to an instruction for unnatural intercourse, there would have to be some evidence which showed that he was innocent of sexual battery, but at the same time guilty only of unnatural intercourse. *See Rowland*, 531 So. 2d at 631 (Miss. 1988). The evidence in this case does not show that Boykin could have been found guilty only of unnatural intercourse. The facts show unequivocally that the victim in this case was only ten years old when the incident occurred. The elements of proof for the crime of sexual battery and unnatural intercourse are the same but for the element of the victim's age, which is not an issue in this case. This Court has repeatedly rejected the contention that where an accused is guilty of two crimes, the State can only prosecute and punish for the one with the lesser penalty. *Id.* Furthermore, it must be noted that the lower court did in fact give a lesser included offense instruction of child fondling. We find no merit to this argument.

SPEEDY TRIAL

Boykin's final argument is that the trial court erred in failing to dismiss his case for want of a speedy trial. Boykin was arrested on August 9, 1993 when he turned himself in to the Panola County Sheriff's Department. He was not indicted until April 7, 1994. His case went to trial on July 18, 1994. Thus, Boykin was tried 343 days after his arrest. Boykin asserts only the constitutional claim, and not the statutory claim to a speedy trial since he was tried less than 270 days from his time of arraignment.

In addressing this issue, we must balance the four factors articulated in *Barker v. Wingo*. *Barker v. Wingo*, 407 U.S. 514 (1972). These four factors are: (1) length of the delay, (2) reason for the delay, (3) whether the defendant has timely asserted the right to a speedy trial, and (4) whether the defendant has been prejudiced by the delay. *Johnson v. State*, 666 So. 2d 784, 792 (Miss. 1995) (citations omitted). No single factor is dispositive of the claim, but this Court must consider the totality of the circumstances beyond the four factors in making our determination. *Johnson*, 666 So. 2d at 792. The date of the defendant's arrest is the date the right to speedy trial attaches. *Id.*

a. Length of delay

This Court has held that a delay of eight or more months between the arrest and trial is presumptively prejudicial. *Id.* This requires that the remaining factors be examined closely. *Id.*; *Handley v. State*, 574 So. 2d 671, 676 (Miss. 1990). Because the total period of delay in this particular case was 343 days, or 11 months, we must examine the remaining factors.

b. Reason for the Delay

The main delay in this case is from the time Boykin was arrested to the time he was indicted. Boykin turned himself into authorities on August 22, 1993. The grand jury did not indict Boykin until April 7, 1994. This was a period of 241 days. After the indictment, Boykin waived an arraignment, and trial was set for July 19, 1994.

The State's reason for the delay in indicting Boykin was that the DHS did not turn over the case to the district attorney's office until it completed its initial investigation on January 7, 1994. Boykin was

indicted by the first grand jury that met after his case was turned over to the district attorney's office. Police investigations have been held to be legitimate reasons to delay trials. *See Jasso v. State*, 655 So. 2d 30, 33 (Miss. 1995) (where eight month delay due to police investigation was held to be sufficient reason not to weigh factor against the State.) Therefore, this factor does not weigh against the State.

c. Assertion of Right

The defendant is not required to demand a speedy trial; however, his assertion of such a right will weigh more heavily in his favor under the *Barker* analysis. *Id.*; *State v. Ferguson*, 576 So. 2d 1252, 1254 (Miss. 1991). Boykin filed a demand for speedy trial on April 22, 1994. This prong weighs in Boykin's favor.

d. Prejudice to Defendant

Three elements of prejudice are to be considered in such a situation: (1) prevention of oppressive pretrial incarceration; (2) minimize anxiety and concern of the accused; and (3) limiting the possibility that the defense will be impaired. *Spencer v. State*, 592 So. 2d 1382, 1388 (Miss. 1991) (citing *Barker v. Wingo*, 407 U.S. 514, 532 (1972)). This factor is more serious for some than for others, but it is present to some extent in every case because every defendant will either be incarcerated pending trial, or on bail subject to substantial restrictions. *Perry v. State*, 637 So. 2d 871, 876 (Miss. 1994).

Boykin contends that he was prejudiced because the delay caused him to suffer anxiety over the case. He also summarily asserts that the delay has interfered with his work, as well as his ability to make future plans. In the present case, Boykin was indicted eight months after his arrest. In *Perry v. State*, the supreme court refused to find the defendant suffered actual prejudice to warrant a dismissal. The *Perry* court was quick to distinguish that case from *Doggett v. United States.* where the United States Supreme Court found that a delay of eight and one-half years between arrest and indictment created tangibly demonstrable problems for mounting a defense. *Doggett v. United States*, 505 U.S. 647, 658 (1992). In *Perry*, the defendant was indicted within fifteen months of the offense and the initial accusation. The court held that such a delay was not the kind of protracted delay which compels dismissal in the absence of showing actual prejudice. *Perry*, 637 So. 2d at 876. Such is the case we have before us. In reviewing the reasons Boykin has argued, we are not persuaded that he has been actually prejudiced due to the delay. Therefore, applying the reasoning stated above, this factor does not weigh in Boykin's favor.

e. Totality of the Circumstances

Considering the totality of the circumstances, Boykin has not been denied his constitutional right to a speedy trial. We find that the length of delay was presumptively prejudicial. However, when considering the remaining factors, we find that the reasons for the delay cannot be weighed against the State. Boykin did assert his right to a speedy trial; therefore, that factor will weigh in his favor. However, other than suffering from anxiety and other conclusory assertions, Boykin has made no showing of actual prejudice, and therefore, the delay here does not warrant dismissal. After finding no reversible error in any of the issues raised on this appeal, we affirm the judgment of the lower court.

**THE JUDGMENT OF CONVICTION IN THE PANOLA COUNTY CIRCUIT COURT OF SEXUAL BATTERY AND SENTENCE OF THIRTY (30) YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITH THE LAST TEN (10) YEARS SUSPENDED IS AFFIRMED. COSTS OF THIS APPEAL ARE TAXED TO THE APPELLANT.**

**FRAISER, C.J., BRIDGES AND THOMAS, P.JJ., BARBER, COLEMAN, KING, McMILLIN, PAYNE, AND SOUTHWICK, JJ., CONCUR.**

APPENDIX


Instruction D-1



If you find that the State has failed to prove any one of the essential elements of the crime of sexual battery, you may proceed with your deliberations to decide whether the State has proved beyond a reasonable doubt all of the elements of the lesser crime of unnatural intercourse.


If the State has proven from the evidence and beyond a reasonable doubt that on July 28, 1993, [D.R.] was a human male and that Gary Boykin committed fellatio, an unnatural sex act upon [D.R.], then you shall find the Defendant guilty of the lesser crime of unnatural intercourse.


If the State has failed to prove any one or more of these elements beyond a reasonable doubt, then you shall find Gary Boykin not guilty.


Notwithstanding your right to consider the lesser crime of unnatural intercourse, it is your duty to accept the law as given to you by the Court; and if the facts and the law warrant a conviction of the crime of sexual battery, or warrant an acquittal, then it is your duty to make such finding uninfluenced by your power to find a lesser offense. This provision is not designed to relieve you from the performance of an unpleasant duty. It is included to prevent a failure of justice if the evidence fails to

prove the original charge but does not justify a verdict for the lesser crime.

Instruction S-1

Gary Boykin is charged with the crime of sexual battery. If the State has proven from the evidence in this case beyond a reasonable doubt that:

1) On or about July 28, 1993, Gary Boykin did engage in sexual penetration with

2) [D.R.], a child under the age of fourteen (14) years,

3) By placing his mouth over the penis of [D.R.], then the jury shall find the Defendant, Gary Boykin, guilty as charged.

If the State has failed to prove any one or more of these elements beyond a reasonable doubt, then you shall find the Defendant not guilty.

The issue of consent or lack of consent by [D.R.] shall not be considered by you.

Instruction S-3

If you find that the State has failed to prove any one of the essential elements of the crime of Sexual Battery, then you may proceed with your deliberation to decide if the State has proven beyond a reasonable doubt all of the elements of the lesser included crime of Child Fondling.

If the State has proven from the evidence and beyond a reasonable doubt that:

1) On July 28, 1993, [D.R.] was a human male child less than fourteen (14) years of age;

and

2) Only July 28, 1993, Gary Boykin was a human male over the age of eighteen (18) years; and

3) Gary Boykin did handle, touch or rub [D.R.] with his hands or with any other part of his body; and

4) The purpose of Gary Boykin's handling, touching or rubbing of [D.R.] was for the purpose of gratifying his lust or indulging in his depraved licentious sexual desires, then you shall find the Defendant guilty of the lesser crime of child fondling.

If the State has failed to prove any one or more of these elements beyond a reasonable doubt, then you shall find the Defendant not guilty.

Notwithstanding your right to consider the lesser crime of child fondling, it is your duty to accept the law as given to you by the Court; and if the facts and the law warrant a conviction of the crime of sexual battery, or warrant an acquittal, then it is your duty to make such finding uninfluenced by your power to find a lesser offense. This provision is not designed to relieve you from the performance of an unpleasant duty. It is included to prevent a failure of justice if the evidence fails to prove the original charge but does justify a verdict for the lesser crime.