576 So.2d 1252 (1991)
STATE of Mississippi
v.
James M. FERGUSON.
No. 07-KA-59394.
Supreme Court of Mississippi.
February 27, 1991.
*1253 Mike C. Moore, Atty. Gen., Joseph A. Runnels, Jr., Sp. Asst. Atty. Gen., Jackson, Glenn Cannon, Dist. Atty., Harold O. Grissom, Jr., Asst. Dist. Atty., Gulfport, for appellant.
Dale Robinson, Gulfport, for appellee.
Before ROY NOBLE LEE, C.J., and PRATHER and ROBERTSON, JJ.
ROBERTSON, Justice for the Court:

I.
Before us today is the question whether James M. Ferguson's constitutional right to a speedy (re)trial has been offended so that the attempted burglary charge heretofore outstanding against him should be finally dismissed. The Circuit Court of Harrison County, Mississippi, heard the matter, reluctantly accepted Ferguson's point, and dismissed the indictment. The District Attorney appeals. We affirm.

II.
On March 16, 1983, law enforcement authorities arrested James M. Ferguson in Biloxi, Mississippi, and charged him with attempted burglary. Ferguson was subsequently indicted as an habitual offender, and, on August 7, 1984, the Circuit Court convened a three-day bench trial at the conclusion of which the Court found Ferguson guilty as charged and sentenced him to life imprisonment without eligibility for parole. Miss. Code Ann. § 99-19-83 (Supp. 1986). Ferguson appealed to this Court, and, on May 6, 1987, we reversed and remanded the case for a new trial. Ferguson v. State, 507 So.2d 94 (Miss. 1987).
Two hundred eighty-eight (288) days later  on February 18, 1988, to be exact  the Circuit Court held that Ferguson had been denied his right to a speedy (re)trial and dismissed the indictment. The Court acted *1254 upon its perceived duty to respect and enforce rights secured to Ferguson by the Sixth and Fourteenth Amendments, as elaborated in Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972) and progeny.
Where constitutional speedy (re)trial rights are asserted, Barker mandates that we consider (1) length of delay, (2) reason for the delay, (3) the defendant's assertion of his right, and (4) prejudice. No mechanical formula exists according to which these factors must be weighed and balanced. The weight given each necessarily turns on peculiar facts and circumstances of each case, the quality of evidence available on each factor, and, in the absence of evidence, identification of the party bearing the risk of non-persuasion. No one factor is dispositive. A sensitive weighing and balancing of all remains our touchstone.

A. Length of Delay

Ferguson's claim is denial of his right to speedy (re)trial. Accordingly, we have no occasion to return to the date of his original arrest in 1983 or his original indictment in 1984. Instead, the speedy trial clock began to run on the date we reversed his original conviction. Mitchell v. State, 572 So.2d 865 (Miss. 1990); see also, Darby v. State, 476 So.2d 1192, 1194 (Miss. 1985).
Once our beginning and ending dates be established, this Barker factor becomes a function of mathematics and the calendar. The delay at issue is 288 days. Our precedents establish beyond peradventure that a delay of this length is "presumptively prejudicial." Smith v. State, 550 So.2d 406, 408 (Miss. 1989); Bailey v. State, 463 So.2d 1059, 1062 (Miss. 1985); and, see most recently, Handley v. State, 574 So.2d 671, 676 (Miss. 1990). Common sense suggests that, ordinarily on retrial, less time will be necessary to bring a case to trial than before. State v. Fife, 632 P.2d 712, 714 (Mont. 1981), for example, discharged a defendant after a 194 day delay following reversal and remand.

B. Reason for the Delay

Once we find the delay presumptively prejudicial, the burden shifts to the prosecution to produce evidence justifying the delay and to persuade the trier of fact of the legitimacy of these reasons. By analogy we have repeatedly held in the context of our statutory 270 day rule that the prosecution bears the risk of non-persuasion on the cause issue. Vickery v. State, 535 So.2d 1371, 1375 (Miss. 1988); Reed v. State, 506 So.2d 277, 281 (Miss. 1987); Turner v. State, 383 So.2d 489, 491 (Miss. 1980).
At the hearing below, the prosecuting attorney offered only the docket of the court. That docket reflects only one entry remotely suggestive of a reason for delay in bringing Ferguson to (re)trial. On September 8, 1987, the Court entered an order allowing Ferguson's prior court-appointed attorney (the one who had represented him on appeal) to withdraw from the case and simultaneously appointing new and present counsel. The record contains no order for a continuance grounded on this fact. Nothing before us suggests that new counsel was  or was not  ready for trial at that time. Where the accused has not caused the delay, and where the prosecution has failed to show good cause therefor, this factor weighs in favor of the accused. Handley v. State, supra; Trotter v. State, 554 So.2d 313, 317 (Miss. 1989); Smith v. State, 550 So.2d 406, 409 (Miss. 1989); Perry v. State, 419 So.2d 194, 199 (Miss. 1982).

C. Assertion of Right to Speedy Trial

In his motion to dismiss, Ferguson charges that he "made demand for trial on or about October 13, 1987," some 129 days before the Circuit Court dismissed the charges against him. We find no written demand in the record. Nothing in the law requires that the demand be in writing, although for evidentiary purposes this would be preferable. Still, the prosecution accedes to the fact of the October 13 demand in its brief before this Court and, in our present posture, we accept it.
*1255 Barker declares that an accused has no duty to bring himself to trial. Barker, 407 U.S. at 527, 92 S.Ct. at 2190, 33 L.Ed.2d at 115; see also, Vickery v. State, 535 So.2d at 1377; Williamson v. State, 512 So.2d 868, 877 (Miss. 1987). Still, he gains far more points under this prong of the Barker balancing test where he has demanded a speedy trial. Ferguson asserted his rights about half-way between the date of reversal of his original conviction and the date upon which the Court considered his motion to dismiss.

D. Prejudice to the Defendant

The final Barker factor is prejudice to the defendant. Here again the burden of production and persuasion are critical. Where the delay has been presumptively prejudicial, the burden falls upon the prosecution. Prince v. State of Alabama, 507 F.2d 693, 707 (5th Cir.1975). Moore v. Arizona, 414 U.S. 25, 94 S.Ct. 188, 38 L.Ed.2d 183 (1973) states

Barker v. Wingo expressly rejected the notion that an affirmative demonstration of prejudice was necessary to prove a denial of the constitutional right to a speedy trial.
Moore, 414 U.S. at 26, 94 S.Ct. at 189, 38 L.Ed.2d at 185; see Trotter v. State, 554 So.2d 313, 318 (Miss. 1989). Intimations otherwise in our opinions, e.g., Hughey v. State, 512 So.2d 4, 8 (Miss. 1987); Beavers v. State, 498 So.2d 788, 791-92 (Miss. 1986) fade in the face of Moore's clear expression.
The prosecution offered nothing to show lack of prejudice. The only mention of the subject in the hearing in the Circuit Court is Ferguson's claim that a witness named Joseph Favre, who was arrested with him back in 1983, had disappeared and could not be found.[1] The record reflected that Ferguson had subpoenaed Favre for his first trial, but the subpoena had been returned unserved. We are not clear exactly what Favre is supposed to testify to or how his presence would have helped Ferguson, nor is it completely clear just why Favre could not be found and subpoenaed. In the present context, however, a weak showing on prejudice "avails the prosecution little." Beavers v. State, 498 So.2d at 792. The prosecution bore the burden of production and persuasion and in this it utterly failed.

E. Reconciliation and Deference to the Circuit Court

In the end, the Circuit Court expressed great reluctance to dismiss but felt constrained under the authority and guidelines of Barker and progeny, particularly Prince v. State of Alabama, 507 F.2d 693 (5th Cir.1975), to grant Ferguson's motion. In so doing, the Court made what is, in effect, a finding of ultimate fact that Ferguson's right to a speedy trial had been denied. Unfortunately, the Court failed to articulate its findings and views regarding the Barker factors.
In similar cases we have tended to act de novo in performing the Barker v. Wingo analysis. We have not addressed whether there should be a speedy trial variant of our general rule that we will leave undisturbed a trial court's findings of ultimate facts where, consistent with the burdens of production and persuasion, the record fairly supports them. On the other hand, we have in many contexts said before and will say again that it would be extremely helpful if the Circuit Courts, in considering these matters, would provide us with an articulated statement of their findings of evidentiary fact made and the reasons for the decision to grant the motion. See Folk v. State, 576 So.2d 1243, 1247 (Miss. 1991); and Gavin v. State, 473 So.2d 952, 955 (Miss. 1985).
Under the circumstances, we proceed de novo. The 288 day delay was presumptively prejudicial. The prosecution had the twin burdens on reason for delay and prejudice. It offered only the Circuit Court's docket pages for this case, which proved nothing. No evidence in the record justifies the delay, nor does anything before us rebut the presumption of prejudice. Ferguson made demand for a speedy (re)trial on October 13, 1987, and the prosecution *1256 did nothing until he moved to dismiss in mid-February, 1988.
We affirm the judgment of the Circuit Court that Ferguson has been denied his constitutional right to a speedy (re)trial.
AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS, DAN M. LEE, P.JJ., and PRATHER, SULLIVAN, PITTMAN, BANKS and McRAE, JJ., concur.
NOTES
[1] On his original appeal, Ferguson complained of trial counsel's failure to procure the presence of a witness named Washington Favre, 507 So.2d at 95.