655 So.2d 30 (1995)
Jose Luis JASSO and Juan Vela Sanchez, Jr.
v.
STATE of Mississippi.
No. 91-KA-01161-SCT.
Supreme Court of Mississippi.
April 13, 1995.
*31 Earl B. Stegall, Gulfport, for appellants.
Michael C. Moore, Atty. Gen., Deirdre McCrory, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before PRATHER, P.J., and PITTMAN and SMITH, JJ.
*32 PRATHER, Presiding Justice, for the court:

INTRODUCTION
This case concerns a conviction of Jose Luis Jasso (Jasso) and Juan Vela Sanchez, Jr. (Sanchez) for drug possession with intent to deliver. The trial court judge sentenced both Jasso and Sanchez to twenty years in the custody of the Mississippi Department of Corrections. Jasso and Sanchez moved for a new trial on October 24, 1991. The trial judge denied this motion. Aggrieved, Jasso and Sanchez appeal to this Court on the following issues:
1) DID THE TRIAL COURT ERR IN OVERRULING THE MOTION FOR DISMISSAL FOR LACK OF A SPEEDY TRIAL UNDER THE UNITED STATES CONSTITUTION?
2) DID THE TRIAL COURT ERR IN OVERRULING THE MOTION TO DISMISS FOR FAILURE TO GRANT A TRIAL WITHIN 270 DAYS OF ARRAIGNMENT?
3) DID THE TRIAL COURT ERR IN OVERRULING THE MOTION TO SUPPRESS CERTAIN EVIDENCE?
4) DID THE TRIAL COURT ERR IN FAILING TO GRANT A MISTRIAL?
5) DID THE TRIAL COURT ERR WHEN IT FAILED TO GRANT A DIRECTED VERDICT AT THE CLOSE OF THE STATE'S CASE AND THEN AT THE CONCLUSION OF THE TRIAL?
6) DID THE TRIAL COURT ERR WHEN REFUSING TO GRANT DEFENSE INSTRUCTION A-8?

STATEMENT OF FACTS
On December 2, 1989, Officer Potts, of the Mississippi Highway Patrol, was traveling on Interstate 10 in Harrison County and Officer Potts noted that the car, occupied by Sanchez and Jasso, was speeding while traveling eastbound. His radar noted the speed at 74 MPH.
The vehicle was stopped and Officer Potts asked Sanchez where they were going. Jasso could not tell Officer Potts their destination. When Officer Potts stuck his head in the car through the window to talk to Sanchez, who was sitting in the back seat, he noted a very strong odor of marijuana, which came from the trunk. Jasso opened the trunk voluntarily upon request.
Officer Potts looked into the trunk and found three bags and two suitcases containing marijuana. Officer Potts issued two citations, for speeding and possession of marijuana to each occupant. He also gave them their Miranda[1] rights on the interstate.
On October 17, 1991, the jury found Sanchez and Jasso guilty of possession of marijuana of more than one kilogram, with intent to deliver. The trial court sentenced both men to 20 years in the custody of the Mississippi Department of Corrections.
There are two assignments of error which this Court addresses in its remand. All other issues are affirmed.

ANALYSIS
The federal constitutional speedy trial question, and the Mississippi statutory requirement of a trial within 270 maximum days between indictment and trial, are the two issues this Court addresses. Before this question can be answered, a chronology of the events of this case is required:
12/2/89 Arrest of Jasso and Sanchez by Officer Potts of the Mississippi Highway Patrol.
12/8/89 Sheriff accepts bail for Jasso and Sanchez.
8/16/90 Indictment of Jasso and Sanchez.
8/28/90 Waiver of arraignment and entry of plea by Jasso and Sanchez.
10/19/90 Order resetting trial granted on motion of State because prosecutor is unavailable.
12/15/90 Order resetting trial granted on motion of the trial court because the judge is unavailable.
4/23/91 Jasso and Sanchez file motion to dismiss on speedy trial grounds.

*33 4/23/91 Jasso and Sanchez file motion to dismiss on 270 day rule, under Miss. Code Ann. § 99-17-1 (1972).
5/23/91 Jasso and Sanchez file motion to reset trial based on conflict with trial schedule, and waive their constitutional and 270 day rule objections for the period between 6/10/91 and 10/14/91.
6/10/91 Waiver period begins.
6/18/91 Trial court grants defendant's motion.
10/14/91 Beginning of October term.
10/17/91 Trial begins and ends.
There were 684 days which elapsed between their arrest and trial. Sanchez and Jasso argue that such a period of time infringes their Sixth Amendment rights to a speedy trial under the United States Constitution, and under Section 26 of the Mississippi Constitution.
There is a continuance period the defense requested which reduces the 684 day total chargeable to the State. Using the court order date of June 10, 1991, as the continuance date, there is a waiver period of 125 days. See Spencer v. State, 592 So.2d 1382, 1387 (Miss. 1991) (continuances requested by defense toll running of time). A delay of 559 days still occurs after the continuance is deducted. This Court has held delays of more than eight months are presumptively prejudicial. Smith v. State, 550 So.2d 406, 408 (Miss. 1989). As a result, this Court must inquire into the four Barker factors to determine if a denial of Jasso and Sanchez's Sixth Amendment rights has occurred. These four Barker factors are: (1) the length of the delay; (2) the reasons for the delay; (3) whether the defendant asserted his right to speedy trial; (4) any resulting prejudice from the delay. Smith, 550 So.2d at 408, citing Barker v. Wingo, 407 U.S. 514, 533, 92 S.Ct. 2182, 2193, 33 L.Ed.2d 101, 117 (1972).

Length of the delay
There were 559 days between arrest and trial, after deducting the continuance. This Court has reversed cases in the time frame given in this case. Burgess v. State, 473 So.2d 432, 433-34 (Miss. 1985) (reversed on 16 month delay); Perry v. State, 419 So.2d 194, 199-200 (Miss. 1982) (reversed on 566 day delay). But see Spencer v. State, 592 So.2d 1382, 1387-89 (Miss. 1991) (affirmed drug possession conviction on 536 day delay); Adams v. State, 583 So.2d 165, 168-70 (Miss. 1991) (affirmed on 456 day delay); Handley v. State, 574 So.2d 671, 676-84 (Miss. 1990) (affirmed on 603 day delay). This Court has held that a delay of 423 days would result in reversal absent the State's strength in the other factors. Beavers v. State, 498 So.2d 788, 790 (Miss. 1986), implicitly overruled on other grounds by State v. Ferguson, 576 So.2d 1252, 1255 (Miss. 1991).
Under these circumstances, this factor should weigh heavily against the State. Flores v. State, 574 So.2d 1314, 1322 (Miss. 1990) (delay of 610 days weighs heavily against State). However, this Court has never looked at this factor alone to reverse. Beavers, 498 So.2d at 790.

Reason for the delay
There appear to be several periods of delay attributable to the State and one period attributable to the defense. The State explained the first eight month period between arrest and indictment, from December 1989 to August 1990, as normal when investigating multi-state, multi-jurisdictional drug offenses, such as this one. The fact that Sanchez and Jasso were Texans carrying drugs made the resulting investigations more complex and difficult, according to the State. Other states have held that police investigations may serve as a "legitimate reason" to delay trial. Haisman v. State, 242 Ga. 896, 252 S.E.2d 397, 399 (1979). Given this caselaw, there is sufficient reason to weigh this period for the State in terms of reason for the delay.
The next period concerns August 1990 to June 1991, when first the prosecutor, and then the trial judge, were unavailable. This period is the result of docket congestion. This Court has stated that such periods do not weigh as heavily against the State as would periods where no cause for the delay was seen. Adams v. State, 583 So.2d 165, 169 (Miss. 1991). However, this Court has said such periods nevertheless weigh against *34 the State. Adams, 583 So.2d at 169. But see, e.g., Hurns v. State, 616 So.2d 313, 318 (Miss. 1993) (overcrowded court dockets and trial schedules are neutral reasons in Barker analysis); McGee v. State, 608 So.2d 1129, 1133 (Miss. 1992) (docket congestion can furnish good cause for delay).
The last period concerns June 1991 to October 1991, when the defense requested a continuance. This period is charged to the defense. Handley v. State, 574 So.2d 671, 674 (Miss. 1990). The trial commenced on October 17, 1991, three days after the end of that period.
The investigation period, and the defense's period of continuance, which total approximately 382 days, weigh for the State. The period between August 1990 and June 1991 and October 1991, totalling 301 days, is attributable to docket congestion. Given Hurns's holding that docket congestion is neutral, and there is some delay attributable to Jasso and Sanchez, this factor can weigh for the State.

Defendant's assertion of right to speedy trial
Jasso and Sanchez filed a motion to dismiss for lack of speedy trial on April 23, 1991. This date is 187 days before their trial on October 17, 1991. However, there was a continuance by the defense of 125 days between June 10 and October 14, 1991. Tolling this period against the defense, which is a continuation of Handley's logic, leaves the assertion of a right to speedy trial 62 days before trial.
The State argues that Sanchez and Jasso waived their speedy trial rights by asking for a continuance, as the trial court found. However, a sister state has held that a defendant does not waive his entire right to a speedy trial by asking for one continuance. Butterworth v. Fluellen, 389 So.2d 968, 970 (Fla. 1980). But see State v. Brown, 249 Kan. 698, 823 P.2d 190, 194 (1991) (continuances waive speedy trial rights granted by Kansas statute). As the Florida Supreme Court dealt with constitutional speedy trial analysis in its decision, this Court relies upon it. Butterworth, 389 So.2d at 970.
Handley held that such an assertion made 35 days before trial weighs against the defense. Handley, 574 So.2d at 677. Another case held that assertion of the right 202 days before trial weighs for the defense, and against the State. Jackson v. State, 614 So.2d 965, 969 (Miss. 1993).
This Court has recently held that analysis slightly favored a defendant who asserted his right to speedy trial six months before trial, but the bulk of the delay after his assertion was attributable to the defendant. State v. Magnusen, 646 So.2d 1275, 1283 (Miss. 1994). Given this case, this factor weighs slightly for Sanchez and Jasso.[2] Sanchez and Jasso did assert their right roughly six months before trial, and the bulk of the delay after the demand was attributable to their request for a continuance.

Prejudice to the defendants
Sanchez and Jasso assert they were prejudiced. Jasso testified that a defense witness he would have called is now unavailable.[3] However, the State conclusively demonstrated that this witness was useless to Sanchez and Jasso: The defense never mentioned this witness to the State, as required under discovery, and Sanchez could not testify as to how she would have helped the defense. Jasso asserts memory loss over time. Although the State argued that this case was simple, and little prejudice resulted from defense impairment, they did not demonstrate this argument with their own evidence.
Prejudice may occur in three ways: (1) pretrial detention; (2) anxiety and concern of the accused; (3) impairment of the defense. Spencer v. State, 592 So.2d 1382, 1388 (Miss. 1991). Pretrial detention is not a *35 factor here, as both men were on bail within five days of arrest. At the same time, this Court has noted that delay does cause anxiety and disruption, even if the defendant is on bail. Jaco v. State, 574 So.2d at 632-33, citing United States v. Marion, 404 U.S. 307, 320, 92 S.Ct. 455, 463, 30 L.Ed.2d 468, 478 (1971). Jasso and Sanchez did not assert any anxiety, but this Court presumes some anxiety as "inevitably present." Jaco, 574 So.2d at 632, citing Barker v. Wingo, 407 U.S. 514, 537, 92 S.Ct. 2182, 2195, 33 L.Ed.2d 101, 121 (1972) (White, J., concurring).[4]
This Court has stated that the State actually has to show lack of prejudice in order to prevail in this factor. State v. Ferguson, 576 So.2d 1252, 1255 (Miss. 1991), citing Moore v. Arizona, 414 U.S. 25, 26, 94 S.Ct. 188, 189, 38 L.Ed.2d 183, 185 (1973). But see State v. Magnusen, 646 So.2d 1275, 1284 (Miss. 1994) (State prevails on defendant's showing only presumptive prejudice); see also Fleming v. State, 604 So.2d 280, 301, n. 7 (Miss. 1992) (defendant's failure to show prejudice prevents factor from independently weighing against State, but requires State to overcome presumption of prejudice in other factors). Sanchez testified to a weakening of his memory, but there is little more than his assertion of memory loss, and presumptive prejudice. Since both the State's showing, and that of Jasso and Sanchez's, is so weak, this Court remands this case to the trial court to determine the question of prejudice. Should the trial court find little prejudice, it may determine Jasso and Sanchez's speedy trial rights have not been infringed, depending upon the other factors in the Barker balancing test.
As to the statutory 270 day requirement between arraignment and trial, set forth in Miss. Code Ann. § 99-17-1 (1994 rev.), Jasso and Sanchez triggered this clock on their waiver of arraignment, on August 28, 1990. There were 415 days which elapsed between that date and the trial date of October 17, 1991. However, Jasso and Sanchez moved for a continuance because defense counsel were unavailable, for a period starting June 10, 1991 and ending October 14, 1991. This period is 125 days, and is chargeable to the defense. See, e.g., Williamson v. State, 512 So.2d 868, 876 (Miss. 1987), implicitly overruled on unrelated grounds by Hansen v. State, 592 So.2d 114, 134 (Miss. 1991), cert. denied, 504 U.S. 921, 112 S.Ct. 1970, 118 L.Ed.2d 570 (1992).
The deduction still leaves 290 days between arraignment and trial. As a result, the State has violated the 270 day rule as mandated by the legislature. Miss. Code Ann. § 99-17-1 (1994 rev.). This Court has recently held that such violations require a remand to the trial court, to determine "that the violation did not prejudice the defendant's ability to defend against the charge and that the State did not deliberately engage in oppressive conduct." State v. Harrison, 648 So.2d 66, 71 (Miss. 1994). If the trial court determines prejudice is present from the delay, the court shall dismiss with prejudice the entire proceeding. Harrison, 648 So.2d at 71. If not, the remedy is to dismiss the case "without prejudice to reindictment." Id.
This Court thus reverses the conviction of Jasso and Sanchez, and remands the issue of prejudice under both the speedy trial and Mississippi statutory requirements to the trial court for action not inconsistent with this opinion.
REVERSED AND REMANDED.
HAWKINS, C.J., and PITTMAN, BANKS, JAMES L. ROBERTS, Jr. and SMITH, JJ., concur.
DAN M. LEE, P.J., concurs in result only.
SULLIVAN, J., dissents with separate written opinion joined by McRAE, J.
SULLIVAN, Justice, dissenting:
Once again the majority has chosen to ignore the express mandates of Miss.Code *36 Ann. § 99-17-1 (1994) by following the imaginative interpretation of this statute set forth in State v. Harrison, 648 So.2d 66 (1994). The majority has acknowledged that there was a period of 290 days between arraignment and trial after deducting the time allotted for continuances. The assertion that the State has violated the 270 day rule could not be more precise. Instead, the majority has taken it upon themselves to rewrite the statute, demanding that a defendant show prejudice to his ability to defend himself before the 270 day rule becomes applicable. The statute does not even implicitly suggest such an interpretation. The rule commands that a defendant be tried within 270 days of arraignment, discounting continuances granted upon good cause shown. Miss. Code Ann. § 99-17-1 (1994). It follows that if this period of time is exceeded, the State may no longer bring the defendant to trial. A dismissal with prejudice is logically the only possible remedy for a violation. Ford v. State, 589 So.2d 1261, 1263 (Miss. 1991); Moore v. State, 556 So.2d 1031, 1033 (Miss. 1990); Payne v. State, 363 So.2d 278, 279 (Miss. 1978). The legislature has repeatedly over the last seventeen years retained the statute without alteration in the face of this interpretation. See Winder v. State, 640 So.2d 893, 899, 905-06 (Miss. 1994) (Sullivan, J., dissenting) (emphasizing principle that court interpretation of statute followed by legislature's reenactment or retention of statute effectively incorporates court's construction into statute). As the State has admittedly violated the 270 day rule, the conviction of Jasso and Sanchez should be reversed and the entire proceeding against them dismissed with prejudice.
Notwithstanding the majority's strained reading of § 99-17-1, Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), commands that we find a constitutional speedy trial violation as well. It is acknowledged that the 559 day length of delay creates a presumption of prejudice which weighs heavily against the State. Appropriately, the State must show strength in other factors to prevail. Jaco v. State, 574 So.2d 625, 630 (Miss. 1990).
The defendants were arrested on December 2, 1989 and indicted on August 16, 1990. The majority discounts this eight month period of delay between arrest and indictment as good cause for delay. They conclude that because Jasso and Sanchez were Texans, there was a resulting multi-state, multi-jurisdictional police investigation which justified the delay. Certainly, police investigations should serve as a legitimate reason for delaying a trial. The facts, however, fail to support the State's rationalization of this period of delay. The results from the crime laboratory were received on January 31, 1990. The final report from the Mississippi Highway Patrol was dated February 23, 1990, and they never presented the case to federal authorities. The criminal investigator on the case said federal agencies were normally contacted in similar situations, but he had no evidence showing that a single federal agency had actually been contacted, nor any evidence that any federal agency had responded to an inquiry. The only thing he remembered doing was contacting Texas authorities on the Monday following the arrest, as well as taking fingerprints and composing witness statements. He testified that the Highway Patrol was responsible for the written reports. Apparently, there is a period of five months following the February 23 report where nothing was done to obtain an indictment against these defendants. Later in the proceedings, while arguing that the defendants' case had not been harmed under the prejudice factor of the Barker analysis, the State proceeded to contend that this was as simple a case as one could try  where an officer discovered drugs in a routine traffic stop. When the facts are truly exposed, one can only conclude that the State's "multi-state, multi-jurisdictional investigation" was a mere pretext for the State's negligence in bringing these defendants to trial.
The period between June 1991 and October 1991 is correctly charged to the defense because of their requested continuance, although it is somewhat peculiar how the majority initially discounts this 125 day continuance under the length of delay factor, yet utilizes this fact anew to somehow tilt the scales against the defendants under the second Barker factor. The only other length of *37 delay addressed is the almost one year period of delay attributable to docket congestion. Although weighed lightly, it is attributed to the State because of its duty to bring the accused to trial. Jenkins v. State, 607 So.2d 1137, 1139 (Miss. 1992); Handley v. State, 574 So.2d 671, 674 (Miss. 1990); Vickery v. State, 535 So.2d 1371, 1377 (Miss. 1988). As a whole, this factor must fall in favor of the defendants. There is certainly no strength here in support of the State.
Jasso and Sanchez asserted their right to a speedy trial 187 days before their trial, and the majority concludes that this factor weighs slightly in the defendants' favor. It follows that the State can not find any strength for their position here.
Finally, the Court sidesteps a conclusion by determining that the evidence regarding prejudice is insufficient requiring a remand. Once presumptive prejudice has been demonstrated, the risk of nonpersuasion falls on the State. State v. Ferguson, 576 So.2d 1252, 1255 (Miss. 1991). The State has failed to meet this burden. Instead, the case is remanded on the issue of prejudice implying that the defendants must affirmatively demonstrate particular prejudice. The majority suggests only a small amount of prejudice may lead the trial court to determine that Jasso's and Sanchez's speedy trial rights have not been violated. Since all of the other factors weigh against the State, the majority effectively asserts that there is but one single Barker factor, prejudice to the defendant. Furthermore, it is difficult to perceive and absurd to think that anything new could possibly be revealed on remand.
Because Jasso and Sanchez have been denied their constitutional right to a speedy trial, the defendants should be discharged and the proceedings against them should be dismissed with prejudice. In fact, there was no need to address the constitutional speedy trial claim since Mississippi's 270 day statute also demands that the defendants be discharged. It is the State's burden to bring an accused to trial, and sometimes decisions must be rendered solely to defend those rights guaranteed by the state and federal constitutions.
McRAE, J., joins this opinion.
NOTES
[1] Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).
[2] Sanchez and Jasso argue that they need not assert this right at all. They are correct, in that they "have no duty to bring themselves to trial." Barker v. Wingo, 407 U.S. 514, 527, 92 S.Ct. 2182, 2190, 33 L.Ed.2d 101, 115 (1972). However, failure to demand such a trial would weaken the strength of their argument on this prong. Jaco v. State, 574 So.2d 625, 632 (Miss. 1990).
[3] She is in jail.
[4] The State cites two identical cases demonstrating no prejudice. The first, Handley v. State, 574 So.2d 671, 677 (Miss. 1990) discusses the fact that Handley discussed how the delay affected his retrial, not his trial, and as a result, he demonstrated no prejudice. We have no retrial in this case. As for Spencer, he could experience no anxiety about jail, because he was already imprisoned. Spencer v. State, 592 So.2d 1382, 1388 (Miss. 1991).