COLEMAN, Justice,
concurring:
¶ 55. Our pronouncements on whether a claim of a violation of the right to a speedy trial may be waived by not obtaining an order after a motion or demand is filed unfortunately lack consistency and obfuscate the legal concepts of waiver and plain error. Accordingly, in the hope that we can find some clarity in future opinions, I take the present opportunity to write to explain how my review and understanding of our precedential history on the subjects has led me to concur with today’s majority,
¶ 56. The majority writes two things that I would like to address further. First, the majority would overrule Kolberg v. State, 829 So.2d 29 (Miss.2002), and Wells v. State, 160 So.3d 1136 (Miss.2015), to the extent that we held therein “that a defendant can waive his or her right to a speedy trial by failing to obtain a ruling on his or her motion'for a'speedy-trial in the trial court.” (Maj. Op. at ¶ 22). The right to a speedy trial certainly can be waived, if the waiver is knowingly and intelligently made. Berry v. State, 728 So.2d 568, 570 (¶ 3) (Miss.1999) (“However, the right to a speedy trial is a fundamental constitutional right, and a defendant may only waive her speedy trial right by knowing and intelligent-waiver.”) Presumably, given the context of the majority’s statement, the majority would overrule Kolberg and Wells to the extent they hold that the right to a speedy trial can be waived when the defendant fails to obtain an order on his motion or demand for a speedy trial. (Maj. Op. at ¶ 22).
¶ 57. On the question of whether the right to a speedy trial can be so waived, we already have spoken and have spoken inconsistently. In Craft v. State, 832 So.2d 467 (Miss.2002), the defendant, Albert Junior Craft, “filed various motions and demands” for a speedy trial, but he failed to get a ruling until sentencing, when the trial court dismissed the motion as moot. Id. at 470 (¶ 5). Craft raised the issue on appeal in his pro se brief. Id, We found no violation of Craft’s right to a speedy trial on two grounds, one of which was Craft’s failure to obtain a timely ruling on his demands. Id. at 471 (¶ 10). The Craft Court noted, much as Justice Pierce does in -his dissent, that the failure to present the speedy-trial demand to the trial court in a timely enough manner to obtain a ruling barred the claim from consideration. Id. at 472 (¶ 12). Absent other controlling authority from the Supreme Court, Justice Pierce’s suggestion that we hold Rowsey’s contention barred absent a showing of plain error would appear correct — but other controlling authority is not absent. It should be noted that the Graft Court pre *502 sented an alternative ground, for its holding. The Craft Court also noted that Craft’s contention lacked merit because he switched trial counsel several times before trial, .and that delays caused by change of defense counsel will not be counted against the State. Craft, 832 So.2d at 472 (¶¶ 12-15).
¶ 58. In at least two cases, the Supreme Court has issued opinions refusing to bar claims of speedy-trial violations from consideration when the defendant in question failed to obtain a ruling on his speedy-trial demand. In the more recent .of the two, Myers v. State, 145 So.3d 1143. (Miss.2014), Edward Myers appealed a conviction for armed robbery. Id. at 1145 (¶ 1). Authorities arrested Myers on October 28, 2004. Id. at 1151 (¶ 21). In June 2005, he sent a letter to the court clerk requesting the status of his case and'asking to be put on the “Court list.” Id. He later fíled a pro se motion to dismiss the charges against him for failure to provide a speedy trial.' Id. The record, however, did not indicate that his motion had been served on the State. Id. In March 2006, Myers received court-appointed counsel. Id. On appeal, the State contended the speedy-trial issue was barred, because Myers did not obtain a ruling from the trial court. Id. at 1151 (¶ 20). The Myers Court responded to the State’s argument as follows:
This argument is- incorrect. The United States Supreme Court has rejected the notion that a defendant caii waive the right to a speedy trial forever by failing to timely assert it. Barker, 407 U.S. at 528, 92 S.Ct. 2182, 33 L.Ed.2d 101. As this Court held in Brengettcy v. State, 794 So.2d 987, 994 (Miss.2001), “While failure or delay in raising a speedy trial claim may cost a defendant points in the Barker analysis, there is no procedural bar-solely for failing to properly pursue the- claim in open court.” See also Flores v. State, 574 So.2d 1314, 1323 (Miss.1990) (holding that defendant’s “failure to consistently badger the prosecution” to bring him to trial did not eliminate his speedy-trial claim). Therefore, we do not find Myers’s constitutional speedy-trial claim to be procedurally barred.

Id.

¶ 59. In Berry v. State, 728 So.2d 568 (Miss.1999), a case that predates both Myers and Craft, the defendant, Merlinda Berry, filed a motion to dismiss for failure to provide a speedy trial. Id. at 570 (¶ 3). The trial. court conducted a hearing the week before the trial, and after the hearing advised Berry’s counsel that he could call the court on the following Monday to obtain the court's ruling. Id. However, the record before the Berry Court contained no ruling on the motion. Id. The Berry Court acknowledged the rule upon which both Justice Pierce’s opinion today and the Craft Court relied — that the defendant bore the responsibility of obtaining a ruling on her motion. Id. (citing Martin v. State, 354 So.2d 1114, 1119 (Miss.1978) (applying procedural bar to motion to change venue)). However, unlike Craft and Justice Pierce’s opinion, the Berry Court went on to consider the merits of Berry’s speedy-trial assignment of error. Id. The Court wrote,
[T]he light to a speedy trial is subject to a knowing and intelligent waiver. This Court will “indulge every reasonable presumption against the waiver of a constitutional right.” Even when a defendant fails to assert his right to a speedy trial he does not permanently waive this right.
We find that Berry did not-waive her right to a speedy trial in this case. The trial court erred in failing to enter a ruling in the record on Berry’s motion to dismiss. As a result, we must remand *503 this case to the circuit court for further proceedings on this matter.
Id. (citations omitted). I find interesting — and important-two things. First, the Court flatly rejected the notion that Berry’s speedy-trial claim could be waived for her failure to obtain a ruling on it. Second, and more striking, the Berry Court found the trial court in error for not ruling on Berry’s motion to dismiss for lack of a speedy trial.
¶ 60. As I review the above-described cases, today’s majority, and Justice Pierce’s separate opinion to try and determine what, in fact, the law is on the extent to which the failure to obtain an order on a, speedy-trial demand affects one’s right to appeal the issue, if any, it appears to me that the Court has too loosely used the word waiver in the speedy-trial context. The majority and Justice Pierce agree that both the Myers and Kolberg Courts misused the term — the majority writes that they should be overruled in part, and Justice Pierce that they need clarification. A waiver of a constitutional right results in its protection being forever lost to the one who waived it; to waive is “to abandon, renounce,' or surrender.” Waive, Black’s Law Dictionary (10th ed.2014). However, that Rowsey did not waive' his right to assert a speedy-trial violation at some point in the future by failing to get the trial court to rule on his demand does not answer' the question at the heart' of the dispute between the majority and Justice Pierce, that is, whether we are constrained to review Rowsey’s claim for plain error as per the latter. Waiver is a substantive event, in which a party knowingly and intelligently gives up some right he otherwise would enjoy. Once a right is waived, it can offer no shelter again. Plain error is a mechanism created in response to the procedural bar of failing to raise an issue. Via plain error, an appellant gets the benefit of at least some review of an assigned error, even though he failed to preserve it for normal appellate review. We do ourselves, the bar, and litigants no favors by confusing such fundamentally different concepts. Because Rowsey did not waive his right to a'speedy trial, its merits can in some way and at some time be considered. The questions are when, and under what standard may it be done.
¶ 61. Without question, we have reviewed or considered reviewing assertions of the speedy-trial right for plain error, but in the cases I can find, we have done so only when the defendant did not raise the issue at all before the trial court. Havard v. State, 94 So.3d 229, 237 (¶ 22) (Miss.2012); Dora v. State, 986 So.2d 917, 924 (¶ 16) (Miss.2008); Sanders v. State, 678 So.2d 663, 670 (Miss.1996), I have-been unable to find a reported case wherein we considered a claim of the violation of the right to a speedy trial for plain error when the defendant raised the issue before the trial court but failed to obtain a ruling.
¶ 62. Although the cases addressing appellate review of a speedy-trial demand that was made before the trial court but not ruled upon by the trial judge tell a different story, as often happens, they still do not give us a holding that clearly is applicable today. In both Myers and Berry, the Supreme Court found, error other than that potential error related to the right to a speedy trial and, -absent the speedy-trial, issues would have reversed and remanded the underlying convictions anyway. In Myers, the Court reversed and remanded for a new trial because Myers’s defense had been prejudiced by the erroneous exclusion of a witness. Myers, 145 So.3d at 1150 (¶ 19). The opinion instructed the trial court to hold a hearing-on Myers's speedy-trial claim before retrial. Id. at 1152 (¶ 24). Likewise, the Berry Court reversed and remanded *504 for a new trial because of an error in the jury instructions and a Brady violation. Berry, 728 So.2d at 571, 572-573 (¶¶ 9, 12).
¶ 63. Indeed, we have held several other times that, when a defendant claims a violation of his right to a speedy trial for the first time on appeal, the case can be remanded for a determination of the issue by the trial court rather than this Court analyzing the factors involved for the first time on appeal. In McGee v. State, 608 So.2d 1129 (Miss.1992), cited by the Myers Court, the defendant, Tom McGee Jr., argued that both his statutory and constitutional rights to a speedy trial were violated. Id. at 1131, 1134. McGee raised both at the trial level, and the trial court denied relief on both grounds. Id. The Supreme Court remanded both claims to the trial court for further consideration and, like Myers and Berry, also reversed and remanded on another issue. Id. at 1135. In Barnes v. State, 577 So.2d 840 (Miss.1991), the Court reversed Baxter Trent Barnes’s conviction and remanded the case, holding that Barnes’s right to effective counsel had been denied due to counsel’s failure to raise the speedy-trial issue before the trial court. Id. at 844. The Supreme Court instructed the trial court to hold a hearing on the speedy-trial issue on remand. Id.
¶ 64. Jasso v. State, 655 So.2d 30 (Miss.1995), provides one of the only — if not the only — example of a case in which we reversed a judgment conviction and remanded a case solely because the Court deter-, mined that the defendant’s contention of a speedy-trial violation needed to be decided in the trial court. In other words, no other grounds for reversal, e.g., jury instructions or improper exclusion of evidence, were held to be present. In fact, the Jasso Court reversed the judgment and remanded the case after determining that only one of the four Barker factors— actual prejudice — could not be determined on the appellate record. Id. at 35.
¶ 65. I have spent the time engaging in the above discussion to point out two things. First, our development of the law regarding how to handle a speedy-trial claim raised on appeal and raised at the trial court level, but not ruled upon by the trial court, has developed slowly and fitfully. In my opinion, a large part of the reason can be found in the Court’s obfuscation of the doctrine of waiver with the procedural bar of failing to preserve an issue for appeal. As both the majority and Justice Pierce point out, waiver of a constitutional right can be made only in a knowing and intelligent fashion. I have chosen to join the majority in overruling Kolberg to the extent that the Court held Kolberg to have waived his right by not obtaining a ruling on his speedy-trial demand, because it is clear to me that the Kolberg Court indeed refused to consider the issue after finding it waived. Kolberg, 829 So.2d at 88 (¶ 174). The Kolberg Court wrote as follows:
As pointed out by the State, although Kolberg filed a motion to dismiss or prevent the second trial asserting speedy trial violations, there were no hearings or orders on these motions. Thus, Kolberg is not appealing to us from an erroneous decision of the trial judge. In Rushing v. State, 711 So.2d 450, 456 (Miss.1998), we stated: “It is the responsibility of the movant to obtain a ruling from the court on motions filed by him and a failure to do so constitutes a waiver of the same.” (citations omitted). Accordingly, this assignment of error is without merit.
Id. (emphasis added). The same is true of Wells. Wells, 160 So.3d at 1146 (¶ 33). Accordingly, I agree that Wells should be overruled to the extent that it held a constitutional right can be waived by anything *505 other than a knowing and intelligent waiver.
¶ 66. Tt should be noted that the motions that were waived by failing to obtain rulings in Rushing, relied upon by the Kolberg Court, were evidentiary in nature. Rushing, 711 So.2d at 1998. In refusing to entertain the assignment of error because Rushing -never obtained a ruling from the trial court, the Rushing Court did nothing to contravene the well-settled law that a waiver of a constitutional right must be knowing and intelligent. Neither the Kolberg Court nor the Wells Court discussed the earlier Berry case or the well-settled- principle that constitutional rights can be waived only by knowing and intelligent action.
¶ 67. The second lesson I have learned by reviewing all of the above-discussed cases is that, in no instance that I could find, have we applied plain-error analysis to a claim that the State violated one’s right to a speedy trial in response to the failure of the defendant in question to obtain a ruling after presenting the issue to the trial court. In fact, the Berry Court, in striking language, wrote, “The trial court erred in failing to enter a ruling in the record on Berry’s motion to dismiss.” Berry, 728 So.2d at 570 (¶ 3) (emphasis added). Arguably, the Berry Court’s language, for purposes of speedy-trial claims anyway, removes the burden of obtaining a ruling from the defendant and places-it upon the trial court. Moreover, the Myers Court wrote, “While failure or delay in raising a speedy trial claim may cost a defendant points in the Barker analysis, there is no procedural bar solely for failing to properly pursue the claim in open court.” Myers, 145 So.3d at 1151 (¶ 20) (citing Brengettcy v. State, 794 So.2d 987, 994 (Miss.2001)). If there is no procedural bar, then there is no resort to plain-error analysis.
■ ¶ 68. For the above-described reasons, I concür in today’s majority opinion.
DICKINSON, P.J., LAMAR, KITCHENS AND CHANDLER, JJ., JOIN THIS OPINION.