KING, PRESIDING JUSTICE, DISSENTING:
 

 ¶38. Because the petition filed in the youth court was the equivalent of a formal indictment, served to notify Courtney that he was under the jurisdiction of the youth court, and accused him of crimes, I would find that his constitutional right to a speedy trial attached at the filing of the youth court petition. Accordingly, I dissent.
 

 ¶39. The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial ...." U.S. Const. amend. VI. At the time the alleged crime occurred, Courtney was seventeen years old. Mississippi Code Section 43-21-151 (Rev. 2015) provides that "the youth court shall have exclusive original jurisdiction in all proceedings concerning a delinquent child, a child in need of supervision, a neglected child, an abused child or a dependent child ...." The Youth Court Intake Unit conducted a preliminary investigation of Courtney and asserted that Courtney was a delinquent child or a child in need of supervision and
 was within the purview of the Mississippi Youth Court Act and of the youth court. The youth court then ordered that a formal petition be filed.
 

 ¶40. On May 2, 2014, a petition was filed in the youth court alleging that Courtney was a delinquent child who had committed the act of sexual battery of another person without her consent in violation of Mississippi Code Section 97-3-95(1)(a) (Rev. 2014). Under Mississippi Code Section 43-21-455, petitions in the youth court must
 

 set forth plainly and concisely with particularity:
 

 a) identification of the child, including his full name, birth date, age, sex and residence;
 

 ....
 

 (c) a statement of the facts, including the facts which bring the child within the jurisdiction of the youth court and which show the child is a delinquent child, a child in need of supervision, a neglected child or an abused child ....
 

 Miss. Code. Ann. § 43-21-455 (Rev. 2015).
 

 ¶41. As the majority states, "[a] formal indictment or information or an arrest-whichever first occurs-triggers the constitutional right to a speedy trial."
 
 McBride v. State
 
 ,
 
 61 So.3d 138
 
 , 142 (Miss. 2011) (citing
 
 United States v. Marion
 
 ,
 
 404 U.S. 307
 
 , 320,
 
 92 S.Ct. 455
 
 ,
 
 30 L.Ed.2d 468
 
 (1971) ). The petition, filed by the youth court prosecutor, served as a formal charging document and notified Courtney that he was under the jurisdiction of the youth court. This Court repeatedly has held that in youth court cases, "where a charge of delinquency is based upon the violation of a criminal law, the petition must charge the offense
 
 with the same particularity required in a criminal indictment
 
 ."
 
 E.K. v. Miss. Dep't of Child Prot. Servs.
 
 ,
 
 249 So.3d 377
 
 , 386 (Miss. 2018) (emphasis added) (quoting
 
 In re Dennis
 
 ,
 
 291 So.2d 731
 
 , 733 (Miss. 1974) );
 
 see also
 

 Miss. Code Ann. § 43-21-455
 
 (4) (Rev. 2015). "In short, the constitutional right to a speedy trial attaches
 
 when a person has been accused.
 
 "
 
 Smith v. State
 
 ,
 
 550 So.2d 406
 
 , 408 (Miss. 1989) (emphasis added) (citing
 
 Beavers v. State
 
 ,
 
 498 So.2d 788
 
 , 789-90 (Miss. 1986),
 
 overruled on other grounds by
 

 State v. Ferguson
 
 ,
 
 576 So.2d 1252
 
 (Miss. 1991) ). The youth court petition clearly accuses Courtney of the crime of sexual battery. It states,
 

 [t]hat on or about 11/02/2012, in GREENE COUNTY, MISSISSIPPI, MATTHEW BLAKE COURTNEY did purposefully, knowingly, and unlawfully commit the act of SEXUAL BATTERY OF ANOTHER PERSON WITHOUT HIS OR HER CONSENT in violation of § 97-3-95(1)(a) of the Mississippi Code of 1972, Annotated against the peace and dignity of the State of Mississippi. Youth did willfully, unlawfully and feloniously engaged in sexual penetration of [the victim] without her consent.
 

 Further, the State itself contended that "a petition in youth court is the equivalent of an indictment for an adult."
 
 See
 

 In re C.A.
 
 ,
 
 872 So.2d 705
 
 , 706 (Miss. Ct. App. 2004) ("For clarification purposes, we point out that a petition in Youth Court is the document that contains the allegation of why the child is said to be a delinquent. It is the equivalent of an indictment for an adult.").
 
 [1]
 
 The State additionally stated that "the petition filed against Courtney served as an indictment because it notified him of the claims against him and the elements involved."
 

 ¶42. We continually have made "it crystal clear [that] the constitutional rights of a child will be protected by this Court ...."
 
 In re Dennis
 
 ,
 
 291 So.2d at 733
 
 (quoting
 
 In re Slay
 
 ,
 
 245 Miss. 294
 
 ,
 
 147 So.2d 299
 
 , 302 (1962) ). Had Courtney committed an offense when he was eighteen, he would have been entitled to his speedy-trial rights as soon as he was accused of his crime. This Court cannot now deny Courtney's constitutional right to a speedy trial simply because he was a juvenile and was accused in the youth court. The United States Supreme Court has emphasized in cases involving juveniles that "it would be extraordinary if our Constitution did not require the procedural regularity and the exercise of care implied in the phrase 'due process.' Under our Constitution, the condition of being a boy does not justify a kangaroo court."
 
 In re Gault
 
 ,
 
 387 U.S. 1
 
 , 27-28,
 
 87 S.Ct. 1428
 
 , 1444,
 
 18 L.Ed.2d 527
 
 (1967).
 

 ¶43. The majority finds that speedy-trial rights do not apply to juveniles because juvenile proceedings are labeled civil in nature. Yet the civil label attached to juvenile proceedings is illusory. As the United States Supreme Court has stated, "it is clear under our cases that determining the relevance of constitutional policies, like determining the applicability of constitutional rights, in juvenile proceedings, requires that courts eschew the 'civil' label-of-convenience which has been attached to juvenile proceedings .... "
 
 Breed v. Jones
 
 ,
 
 421 U.S. 519
 
 , 529,
 
 95 S.Ct. 1779
 
 , 1785,
 
 44 L.Ed.2d 346
 
 (1975) (quoting
 
 In re Gault
 
 ,
 
 387 U.S. at 50
 
 ,
 
 87 S.Ct. 1428
 
 ). The Supreme Court explained in
 
 Gault
 
 that,
 

 In the first place, juvenile proceedings to determine "delinquency," which may lead to commitment to a state institution, must be regarded as "criminal" for purposes of the privilege against self-incrimination. To hold otherwise would be to disregard substance because of the feeble enticement of the "civil" label-of-convenience which has been attached to juvenile proceedings. Indeed, in over half of the States, there is not even assurance that the juvenile will be kept in separate institutions, apart from adult "criminals." In those States juveniles may be placed in or transferred to adult penal institutions after having been found "delinquent" by a juvenile court. For this purpose, at least, commitment is a deprivation of liberty. It is incarceration against one's will, whether it is called "criminal" or "civil."
 

 Gault
 
 ,
 
 387 U.S. at 49-50
 
 ,
 
 87 S.Ct. 1428
 
 . The filing of a petition in juvenile court begins the proceedings to adjudicate whether the juvenile has violated a criminal law and to determine whether the juvenile should be committed to a state institution. It is unrealistic to forego constitutional protections for children on the premise that the proceedings are labeled "civil."
 

 ¶44. I take issue with the majority's contention that no showing has been made that the purposes of Mississippi's youth court statutes closely match that of Mississippi's criminal justice system. By definition, the youth court statutes hinge on this state's criminal justice laws. Under Section 43-21-105 of the Youth Court Act, a "delinquent child" is defined as a "child who has reached his tenth birthday and who has committed a delinquent act."
 
 Miss. Code Ann. § 43-21-105
 
 (i) (Rev. 2015). A "delinquent act" is defined as "
 
 any act, which if committed by an adult, is designated as a crime
 
 under state or federal law, or municipal or county ordinance other than offenses punishable by life imprisonment or death."
 
 Miss. Code Ann. § 43-21-105
 
 (j) (Rev. 2015) (emphasis added). The majority comments on differences between criminal laws and youth court laws. However, the majority omits that the overarching
 purpose of the criminal justice system is to be punitive and rehabilitative. Likewise, the delinquency aspect of the youth court system is designed to have those same rehabilitative and punitive goals for juveniles.
 
 [2]
 
 Therefore, I would find that the purposes of the youth court statutes do closely match that of the criminal justice system.
 

 ¶45. The majority also argues that we are not now faced with deciding whether the right to a speedy trial applies to youth court proceedings. Yet we cannot decide when the clock begins to run for speedy-trial purposes without deciding whether the right applies to juveniles. While the majority discerns no reason to hold that juveniles have a constitutional right to a speedy trial, I find many. As the Superior Court of Pennsylvania stated in its holding that the right to a speedy trial applied to juvenile proceedings,
 

 The state's role as protector does not eliminate the juvenile's rights to a "fundamentally fair" proceeding under the due process clause. Rather, in its protective role the state must consider the importance of time in a developing child's life in attempting to fashion a successful rehabilitation program for each juvenile. As the juvenile years are marked with significant changes and rapid development, children experience an acceleration in the passage of time so that, to a juvenile, one year may seem to be five. To ensure successful rehabilitation, the reformation program (including punishment) must commence within a reasonable time of the child's delinquent act so that the child can comprehend the consequences of his act and the need for reform. As a result, the concept of "fundamental fairness" in juvenile proceedings would seem to require that at least some limit be placed on the length of time between the delinquent act and the case disposition, including any associated punishment.
 

 Commonwealth v. Dallenbach
 
 ,
 
 729 A.2d 1218
 
 , 1220 (Pa. Super. Ct. 1999). Similarly, the Iowa Supreme Court reasoned that
 

 Charging a juvenile with a delinquent act results in family stress and causes concern and anxiety on the part of the juvenile. It often affects the juvenile's relationships with peer groups, school officials, and other adult authorities. Also, unreasonable delay may affect the quality and quantity of evidence presented, impairing the juvenile's defense and preventing a fair hearing. Finally, in the event the juvenile is found to have committed the delinquent act, the delay may be detrimental to the youth's rehabilitation. We therefore conclude that juveniles have a constitutional right to a speedy trial.
 

 In Interest of C. T. F.
 
 ,
 
 316 N.W.2d 865
 
 , 868-69 (Iowa 1982). Therefore, like our sister jurisdictions, I would find that the filing of the youth court petition begins the constitutional speedy-trial clock.
 

 ¶46. The majority states that it may only act on the record and refuses to consider that juvenile proceedings to determine delinquency cause stress, concern, and anxiety. The question of whether or not proof in the record exists of juvenile suffering, stress, and anxiety is required only when the court evaluates whether a speedy-trial violation has occurred. And this Court previously has presumed anxiety in adult proceedings from "the mere fact of delay even where the defendant does not complain that he has suffered anxiety."
 

 Johnson v. State
 
 ,
 
 666 So.2d 784
 
 (Miss. 1995) (citing
 
 Jasso v. State
 
 ,
 
 655 So.2d 30
 
 , 35 (Miss. 1995),
 
 abrogated on other grounds by
 

 Hennington v. State
 
 ,
 
 702 So.2d 403
 
 (Miss. 1997) );
 
 see also
 

 Jasso
 
 ,
 
 655 So.2d at 35
 
 ("Jasso and Sanchez did not assert any anxiety, but this Court presumes some anxiety as 'inevitably present.' "). Here, however, the majority presumably makes a blanket pronouncement that juveniles are not subject to stress and anxiety as a result of a petition of delinquency filed against them. A delinquency proceeding may result in the juvenile's being sentenced to similar punishments as an adult, such as probation, house arrest, or even incarceration. I can only surmise that the majority engages in willful blindness in its refusal to consider the presumption of anxiety and stress for juveniles faced with delinquency proceedings.
 

 ¶47. Because the youth court petition that accused Courtney of the crime of sexual battery was filed on May 2, 2014, I would find that Courtney's right to a speedy trial began on that date. Although the petition was filed on May 2, 2014, his transfer to circuit court was not ordered until June 30, 2015, more than thirteen months later. Both the majority and the trial court failed to consider the thirteen-month delay in its speedy-trial analysis. The youth court proceedings were not made part of the circuit court record or of the record on appeal. Therefore, I would remand this issue to the trial court to determine with a full record whether good cause existed for the delay in transferring jurisdiction from the youth court to the circuit court.
 

 KITCHENS, P.J., JOINS THIS OPINION.
 

 "The petition is the equivalent of an indictment in the adult court system, and functions as the formal charging document." Jeffrey Jackson, Mary Miller, Donald Campbell, et al.,
 
 Encyclopedia of Miss. Law
 
 § 78:25 (2d ed.), Westlaw (database updated Oct. 2018).
 

 These goals differ from those of the neglected and abused child portions of the youth court system.